IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

|  |  |  |
|---|---|---|
| DOUG CHANCEY, MARIAN MOLLIN, and REBECCA SCHNEIDER | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 7:18CV199 |
| VICKI CHRISTIANSEN<br>Acting Chief, U.S. Forest Service<br>1400 Independence Ave., SW<br>Washington, D.C. 20250 | ) ) ) ) ) | |
| and | ) ) | |
| JOBY L. TIMM<br>Supervisor, George Washington and<br>Jefferson National Forest<br>5162 Valleypointe Parkway<br>Roanoke, VA 24019 | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW the Petitioners, DOUG CHANCEY, MARIAN MOLLIN, and REBECCA SCHNEIDER (collectively, the "Petitioners") and file suit against Vicki Christiansen of the U.S. National Forest Service and Joby L. Timm of the George Washington and Jefferson National Park (collectively the "Defendants"), on the grounds as hereinafter set forth.

## INTRODUCTION

This matter arises from the design and construction of the Mountain Valley Pipeline through Federally-owned lands in western Virginia, which includes the massive clearing of forested land, and the decisions made by the National Forest Service ("the Forest Service") to

deny access to persons attempting to observe and protest the tree cutting and bring food and supplies to other persons already on-site. Those decisions by the Forest Service have both denied access to Federally owned public park land and unnecessarily restricted the First Amendment rights of those persons affected.

## PARTIES AND JURISDICTION

1. Petitioner Doug Chancey ("Mr. Chancey") is a resident and native of Montgomery County, Virginia. He is a lifelong user of the hiking trails in the George Washington and Jefferson National Forest ("GWJ National Forest"), which stretches across the length of western Virginia and into neighboring states, such as West Virginia and North Carolina.

2. Petitioner Marian Mollin ("Ms. Mollin") is a resident of Montgomery County, Virginia. She is a lifelong user of the hiking trails in the GWJ National Forest.

3. Petitioner Rebecca Schneider ("Ms. Schneider") is a resident of Floyd County, Virginia. She is a lifelong user of the hiking trails in the GWJ National Forest.

4. Defendant Vicki Christiansen ("Ms. Christiansen") is the acting Deputy Chief of the U.S. Forest Service, which administers the nation's national forests and grasslands, including the GWJ National Forest.

5. Defendant Joby L. Timm ("Supervisor Timm") is the Supervisor of the GWJ National Forest and has served in that capacity at all times relevant hereto. He has issued the opinions and promulgated the regulations which are at issue in this proceeding.

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as this matter presents a federal question, and the remaining claims are so closely related to the federal question that they form part of the same case or controversy.

7. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

8. The Mountain Valley Pipeline ("MVP") is a 303-mile natural gas pipeline extending from northwestern West Virginia to southern Virginia. It is owned by Mountain Valley Pipeline, LLC, which is a joint venture of major natural gas suppliers in the eastern United States.

9. The MVP crosses into Virginia in rural Giles County, and then continues across Montgomery, Roanoke, and Franklin Counties before eventually terminating in Pittsylvania County where it ties into the Transcontinental Pipeline.

10. A significant portion of the MVP's path in Giles County and Montgomery County is through and across the GWJ Forest.

11. The pipeline itself is designed to be 42 inches in diameter and requires a temporary easement of 125 feet during construction, which is the area of tree cutting, as well as a permanent easement of 50 feet following construction.

12. The natural gas which is being migrated through the MVP originates from the Utica and Marcellus shale deposits in western Pennsylvania.

13. In October 2015, the ownership of MVP filed a formal application with the Federal Energy Regulatory Commission ("FERC") to construct the pipeline.

14. On October 13, 2017, FERC issued a Certificate of Public Convenience and Necessity for the MVP to proceed. Significantly, while this provided Federal approval for the pipeline, it did not preclude the Commonwealth of Virginia (or any state) from regulating the various aspects of the pipeline, including its impact on water quality and the overall environment.

15. Over the past three years, the MVP has garnered significant public interest and opposition which has led to protests, marches and numerous other acts of political expression.

16. In early 2018, following FERC approval of MVP and the engineering of a proposed path, the owners of MVP began cutting trees along the MVP route.

17. In response to the tree cutting, certain members of the public (hereinafter "the tree sitters") began occupying trees or "monopods" in the path of the MVP with the intention of calling attention to the tree cutting.

18. At least three of these tree sitters were located on Peters Mountain in the GWJ National Forest, where the MVP crosses from Virginia to West Virginia.

19. At least one of those tree sitters, using the sobriquet "Nutty," is located on Peters Mountain in Giles County.

20. "Nutty" has been living continuously in a "monopod" on a ridgeline of Peters Mountain known as "Mystery Ridge," since on or about March 27, 2018. The area where she is residing is part of the GWJ Forest and, therefore, open to the public for recreational and other uses. She is lawfully present and not in violation of any Court order.

21. Numerous other persons have hiked up to Mystery Ridge, since March 27, 2018, in order to observe "Nutty" or otherwise express political speech regarding the tree-cutting which is about to occur in the GWJ Forest.

22. Mr. Chancey and Ms. Schneider have hiked up to visit "Nutty" on numerous occasions, both to express their concern for her and their overall opposition to the MVP and, in particular, the specified route across the GWJ Forest.

23. Mr. Chancey, Ms. Mollin, Ms. Schneider, and other supporters of "Nutty" have established a camp ground on Mystery Ridge in order to observe and communicate with "Nutty" while also monitoring the potential tree-cutting.

24. In order to reach that campground, there is a gravel road named "Pocahontas Road" which accesses the GWJ on the Virginia (Giles County) side of Peters Mountain. It is approximately a 1-2-mile drive along that road to reach the location where "Nutty" and the campground are located.

25. On April 7, 2018, Supervisor Timm issued Order No. 08-08-11-18-05, which was styled as "The Revised Mountain Valley Pipeline Emergency Closure Order" ("the April 7th Order"), which is still in effect and posted at the camp site. A copy of the April 7th Order is attached as Exhibit A.

26. The April 7th Order is signed by Supervisor Timm and expressly promulgated under 16 U.S.C. §551 and 36 C.F.R. §261.50(a) and (b). It does the following:

   a. Forbids any persons to come within one hundred twenty-five (125) feet of the "right of way" area designated for MVP on Peters Mountain;
   b. Closes off Pocahontas Road accessing Mystery Ridge to any persons, except NFS personnel and pipeline employees;
   c. Establishes a "First Amendment Expression Area" at Caldwell Field Campground which is an area of the GWJ Forest located approximately ten (10) miles away from Mystery Ridge.

*See* Exh. A.

27. Both the purpose and effect of the April 7th Order have been to (i) prevent persons to reach "Nutty" or bring her provisions, as she is running short of food, (ii) prevent supporters from hiking up the ridge to join other protesters and observers on Mystery Ridge, and (iii) restrict media access to observe activities on Mystery Ridge.

28. To wit, the April 7th Order has forced persons entering the GWJ Forest along the Pocahontas Road to follow an overland trail, ironically dubbed "the Public Safety Trail" in order to reach Mystery Ridge.

29. The "Public Safety Trail" runs parallel to the road accessing the ridge line, however, it traverses at least three streams and climbs up several steep embankments. There are fallen logs across the "Public Safety Trail" at various points. It is a physically challenging hike with several steep grades, which can lead to accidental falls. See photos of Mr. Chancey on the "Public Safety Trail" attached as Exhibit B.

30. The "Public Safety Trail" is haphazardly marked and walkers can easily wander off course (and into West Virginia). Meanwhile, a perfectly serviceable road – carrying MVP employees – is barely a hundred yards away.

31. The effect of the "Public Safety Trail" has been to deny access to the GWJ Forest, and specifically to the ridgeline on Peters Mountain where Nutty is located, i.e. Mystery Ridge, to all but the fittest and most experienced hikers. It also poses a continuing safety hazard by forcing park users into unmarked woods, when a gravel road is available for easy access.

32. Notably, the April 7th Order (and the concomitant CFR section) has been cited by the Forest Service in arresting persons who are on Mystery Ridge attempting to speak with or bring supplies to Nutty.

33. All actions taken by Supervisor Timm in this matter are pursuant to his authority as an agent of the Forest Service.

34. The actions taken by Mr. Timm pose irreparable harm to Mr. Chancey, Ms. Mollin, and Ms. Schneider, and there is no adequate remedy at law available to them.

**COUNT I – VIOLATION OF FIRST AMENDMENT**
(Ms. Christiansen and Mr. Timm)

35. Mr. Chancey, Ms. Mollin, and Ms. Schneider incorporate and restate the allegations of Paragraphs 1-34 as if fully set forth herein.

36. The GWJ Forest is a Federal national forest owned by the United States taxpayer, not by any private corporation. It is the definition of a public venue.

37. The persons who are accessing the GWJ Forest in order to speak with "Nutty" or observe the tree cutting are exercising their First Amendment rights.

38. The April 7th Order violates the First Amendment rights of Mr. Chancey, Ms. Mollin, Ms. Schneider, and others similarly situated, both on its face and as applied. Specifically, it fails to use the least restrictive means in its impact on Mr. Chancey, Ms. Mollin, and Ms. Schneider's freedom of speech and freedom of assembly as guaranteed by the First Amendment. It also represents an unreasonable burden on such expressions.

39. The Order is not a reasonable time, place, or manner restriction that serves an important government interest and does not leave open an adequate alternative place for "First Amendment Speech Expression."

40. There is no showing of harm or threat to public safety from the presence of Mr. Chancey, Ms. Mollin, and Ms. Schneider or others on Mystery Ridge; rather the context of the Order is the embarrassment of the Forest Service and MVP from having Mr. Chancey, Ms. Mollin, and Ms. Schneider, and others observe the tree-cutting while speaking with and bringing provisions to Nutty.

WHEREFORE, the Petitioners request temporary and permanent injunctive relief as follows: (i) a declaration that the April 7th Order is invalid and unenforceable, and (ii) reopening the public access road to Mystery Ridge and the site where the campground are located. Petitioners seek their costs and attorney fees herein as well as such further relief as the Court may deem equitable.

DOUG CHANCEY
MARIAN MOLLIN
REBECCA SCHNEIDER


By: _____/s/_____
J. Chapman Petersen, Esq., VSB #37225
David L. Amos, Esq., VSB #87271
Abby Mulugeta, Esq., VSB #92424
CHAP PETERSEN & ASSOCIATES, PLC
3970 Chain Bridge Road
Fairfax, VA 22030
Telephone 703.277.9704
Facsimile 703.591.9285
jcp@petersenfirm.com
dla@petersenfirm.com
agm@petersenfirm.com
*Counsel for Petitioners*

Tammy L. Belinsky, Esq., VSB #42424
9544 Pine Forest Road
Copper Hill, VA 24079
Telephone 540.929.4222
Facsimile 540.929.9195
tambel@hughes.com
*Counsel for Petitioners*